NOT DESIGNATED FOR PUBLICATION

No. 123,938

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KIM E. CRUM,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed June 3, 2022. Affirmed.


*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.


*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., GREEN and GARDNER, JJ.


PER CURIAM: Kim E. Crum appeals the trial court's summary denial of his K.S.A. 60-1507 motion alleging ineffective assistance of counsel. The trial court noted that Crum had filed his motion 10 years after the statutory deadline had expired, without showing the manifest injustice required to forgive the untimely filing. Because the trial court correctly denied Crum's motion, we affirm.

FACTS

A jury convicted Crum of first-degree premeditated murder, which he committed on January 1, 2005. Three days before sentencing, the State noted its intent to request a mandatory term of imprisonment of 50 years—a hard 50 life sentence. Following the statutory procedure then applicable, the trial court ruled that the aggravating factors were not outweighed by the mitigating factors and imposed a hard 50 life sentence. Crum appealed and our Supreme Court affirmed. *State v. Crum*, 286 Kan. 145, 184 P.3d 222 (2008).

Ten years later, Crum unsuccessfully challenged his sentence as illegal before filing this current motion. In Crum's current K.S.A. 60-1507 motion, he alleges that his trial counsel did not have adequate time to challenge his hard 50 sentence because the State filed its notice only three days before his sentence hearing. The trial court appointed counsel, who then filed supplemental arguments in support of Crum's pro se motion. Crum argued that an inquiry was needed into the facts as to why he failed to file the petition within one year of our Supreme Court's mandate in this case. He also claims that his trial counsel had insufficient time to prepare for trial and for the hard 50 sentence hearing.

The trial court summarily denied Crum's K.S.A. 60-1507 motion. The court ruled that Crum did not make a colorable claim of actual innocence and he did not show manifest injustice to allow the court to consider his claim 10 years after the deadline had passed.

Crum timely appeals.

ANALYSIS

*Did the trial court err in finding that Crum did not show manifest injustice?*

In his K.S.A. 60-1507 motion, Crum acknowledged that he filed his motion outside the one-year time limit. But he contends that it would be manifestly unjust to deny his motion. Because we conclude that the trial court correctly held that Crum's unsupported assertion was insufficient to show manifest injustice, we affirm the trial court's ruling in this case.

We note that a trial court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

Our standard of review depends on which of these options a trial court used. 311 Kan. at 578.

When the trial court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2021 Supp. 60-1507(b); see Supreme Court Rule 183(g) (2022 Kan. S. Ct. R. at 242).

A movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory. As a result, the movant must set forth either an evidentiary basis to support those contentions or a basis must be evident from the record. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). If this showing is made, the court must hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Supreme Court Rule 183(c)(3) (2022 Kan. S. Ct. R. at 243) provides:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

See *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011) (acknowledging the general rule that the defendant must raise all available issues on direct appeal); *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009) (stating that a K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal unless the movant shows exceptional circumstances excusing his or her failure to raise it earlier).

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 2021 Supp. 60-1507(a). K.S.A. 2021 Supp. 60-1507(f)(1).

The one-year time limitation for bringing an action under K.S.A. 2021 Supp. 60-1507(f)(1) may be extended by the trial court only to prevent a manifest injustice. K.S.A. 2021 Supp. 60-1507(f)(2).

"'A defendant who files a motion under K.S.A. 60-1507 outside the 1-year time limitation in K.S.A. 60-1507(f) and fails to assert manifest injustice is procedurally barred from maintaining the action.'" *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982 (2019) (quoting *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 [2013]).

Effective July 1, 2016, the Kansas Legislature amended K.S.A. 60-1507(f)(2) to define manifest injustice. The statute states that courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2021 Supp. 60-1507(f)(2)(A). The Legislature defined actual innocence to mean that the prisoner must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2021 Supp. 60-1507(f)(2)(A). If a court finds manifest injustice exists, it must state the factual and legal basis for its manifest injustice finding in writing with service to the parties. K.S.A. 2021 Supp. 60-1507(f)(2)(B). Courts are to dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines that the time limitations have been exceeded and that dismissing the motion would not equate with manifest injustice. K.S.A. 2021 Supp. 60-1507(f)(3).

When a trial court summarily denies a motion to correct an illegal sentence, the appellate court applies a de novo standard of review because the appellate court has the same access to the motion, records, and files as the trial court. *State v. Alford*, 308 Kan.

5

1336, 1338, 429 P.3d 197 (2018). K.S.A. 22-3504 motions and K.S.A. 60-1507 motions are treated the same for determining when an evidentiary hearing or appointment of counsel is required. *State v. Redding*, 310 Kan. 15, 21, 444 P.3d 989 (2019).

Crum contends that he made a claim of actual innocence to the trial court and thus the trial court erred in denying his motion. But aside from claiming that the issue is preserved for review, Crum fails to ground his argument based on a colorable claim of actual innocence. Issues not adequately briefed are deemed waived or abandoned. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021). We need not review the trial court's holding when Crum fails to make a colorable claim of actual innocence. As a result, we conclude that Crum has abandoned this argument on appeal.

Crum, however, contends that the trial court should have extended the one-year time limit for his motion to prevent a manifest injustice. Crum maintains that he could not have been aware of the state of developing law and therefore could not have brought his ineffective assistance of counsel claim earlier. His central complaint is that his counsel was ineffective because the State provided notice it would seek a hard 50 sentence just three days before sentencing. He claims that his counsel was ineffective because, with sufficient time to prepare, counsel would have challenged the hard 50 sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). But Crum argues that he could not have made this claim until after the United States Supreme Court held that the hard 50 scheme was unconstitutional in *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). Crum acknowledges that his K.S.A. 60-1507 motion deadline passed in 2009, but he argues that he could not have made his current argument until 2013 because of developing law.

Our Supreme Court has rejected a similar argument in *Kirtdoll v. State*, 306 Kan. 335, 393 P.3d 1053 (2017). The *Kirtdoll* court held as follows: "*Alleyne*'s prospective-only change in the law cannot provide the exceptional circumstances that would justify a

successive 60-1507 motion or the manifest injustice necessary to excuse the untimeliness of a 60-1507 motion." 306 Kan. at 341. Crum acknowledges this holding but differentiates his case because of "the State's complicity in the ineffectiveness by its last-minute filing of its intent to seek the Hard 50."

But this difference between Crum's and the *Kirtdoll* holding does nothing to explain why Crum failed to file his motion within the one-year time limitation. Crum knew at sentencing that the State had filed its intent to pursue a hard 50 sentence only three days before sentencing. He knew of the three-day gap between the State's filing and his sentencing hearing long before his 2009 deadline to file a K.S.A. 60-1507 motion. He claims now that his counsel was rushed at sentencing and was ineffective for failing to challenge the hard 50 sentence. But Crum has failed to show that he could not have brought this claim within one year after our Supreme Court's mandate affirming his conviction. Crum also has failed to explain the gap of roughly six years between the *Alleyne* decision and his current K.S.A. 60-1507 motion. It is Crum's duty to provide facts to support his claims, not merely conclusory allegations. See *Thuko*, 310 Kan. at 80. Crum has failed to show why we should accept the premises of his conclusory arguments. Thus, his failure to supply factual allegations to support his claim is fatal to his reasoning and claim.

For the preceding reasons, we affirm the trial court's summary denial in this case.

Affirmed.

7